USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/24

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOST LAKE HOLDINGS LLC, a domestic limited liability company, MISHCONOS MAZAH LLC, a domestic limited liability company, RABBI MORDECHAI HALBERSTAM, and ROSE HALBERSTAM,<br><br>      Plaintiffs,<br><br>vs.<br><br><br>THE TOWN OF FORESTBURGH and THE FORESTBURGH TOWN BOARD,<br><br>      Defendants. | Civ. Action No. 7:24-cv-00337-VB<br><br>**AGREED-TO ORDER** |

This Agreed-to Order is entered into between LOST LAKE HOLDINGS LLC, a domestic limited liability company, MISHCONOS MAZAH LLC, a domestic limited liability company, RABBI MORDECHAI HALBERSTAM, and ROSE HALBERSTAM (collectively, the "Plaintiffs") and THE TOWN OF FORESTBURGH ("Town") and THE FORESTBURGH TOWN BOARD (collectively, the "Defendants").

## I. Recitals

1. The Plaintiffs commenced this action on January 16, 2024 alleging that Local Law 3 of 2023, enacted by the Town of Forestburgh on November 2, 2023, on its face violated

1

federal civil rights laws and federal constitutional provisions, and various state laws. The Plaintiffs amended their Complaint on April 12, 2024 to add additional state law claims.

2. The Defendants did not file an Answer because the Parties were in negotiations regarding settlement, but Defendants deny the allegations in the Complaint and deny that Local Law 3 of 2023 violates any federal or state law.

3. Plaintiffs and Defendants agree that all claims should be resolved amicably and without protracted expensive and unnecessary litigation. Accordingly, Plaintiffs and Defendants agree to the terms of and entry of this Agreed-to Order, as indicated by their signatures below.

4. As such, this Agreed-to Order represents a compromise of a disputed claim, and shall not in any way be construed as an admission of wrongdoing or liability on the part of any party.

5. The Plaintiffs each consent to the terms of this Agreed-to Order. None of the Plaintiffs is a minor.

6. The Forestburgh Town Board voted on August 1, 2024 to agree to the terms of this Agreed-to Order on behalf of itself and on behalf of the Town.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## II.   Jurisdiction and Venue

7. The subject matter jurisdiction of this Court is founded upon 28 U.S.C. § 1331 (federal question jurisdiction) in that this action is brought under the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*, 42 U.S.C. § 1982, and 42 U.S.C. § 1983. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) for claims brought under the laws of the State of New York.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that all of the events giving rise to the claims herein occurred in the Southern District of New York, and the

Defendants are subject to personal jurisdiction in this District as of the commencement of this action and the service of the Summons and Complaint/Amended Complaint upon each defendant.

### III.    Settlement

9.    Notwithstanding Local Law 3 of 2023, Defendants agree under authority of this Agreed-to Order that:

- A. All uses in the Lost Lake Planned Development District ("Lost Lake PDD") zoning district as set forth in the Town's August 4, 2011 PDD Zoning Approval Resolution page 7-8 paragraph 1, consisting of 2,557 single-family residential homes, 30 single-family cottages, and 40 multi-family townhouse-style condominium dwellings, totaling 2,627 residential units, along with an 18-hole championship golf course, driving range, lodge and restaurant, swimming and boating facilities at Lost Lake, tennis courts, and a health and wellness spa, consistent with the Lost Lake Project Master Plan ("Project Master Plan" attached hereto as Exhibit A), are deemed conforming uses under any and all Town Laws, the Town Code, and Town Local Law No. 3 of 2023 ("Local Law No. 3").

- B. All building lots depicted on the Project Master Plan as set forth in the Town's August 4, 2011 PDD Zoning Approval Resolution page 7-8 paragraph 1, under all building phases, are deemed conforming lots under any and all Town laws, the Town Code and Local Law No. 3.

- C. The provisions in Local Law No. 3, Section 180-36 regarding site plan review do not and shall not apply to the Lost Lake PDD, the Lost Lake

Project (the "Project"), or the district in which the Project is located, and site plan review shall be governed by the Town's August 4, 2011 Lost Lake PDD Zoning Approval Resolution page 9 paragraph 3 (except that going forward each instance within the quoted Resolution that says "Town Board" shall be replaced by "the Planning Board."), which states "[T]he Town Board shall review, consider and. approve any and all subdivision and site plan applications for the Lost Lake Resort, including review of the subdivision and site plan applications for the Lost Lake Resort, that are substantially consistent with and in conformance with the PDD regulation. and this PDD approval. To the extent that the Lost Lake PDD approval, including any term, condition, mitigation measure, plat or plan or detail thereon, is inconsistent with any other provision of the Town's Code, then the Lost Lake PDD approval shall control. The Town Board recognizes that market conditions and other factors may necessitate modifications to the subdivision or site plan submitted for any particular phase relative to the overall Project Master Plan. The Project Master Plan is not intended as -- nor is it -- a final subdivision plat or site plan. Modifications to any subdivision plat or site plan for the Project that (1) exceed the overall limits of this Lost Lake PDD approval, (2) exceed the overall approved density, or (3) substantially contradict a mitigation measure set forth in the SEQRA Findings Statement may require a further review or consideration from the Town Board."

D. The permit expiration provisions in Local Law No. 3 Section 180-36(G),

the abandonment of use provisions of Local Law No. 3 Section 180-13(D)(1), and the provisions of Local Law No. 3 Section 180-12(A)(5) stating that a nonconforming building or structure not occupied for 12 months is considered "abandoned" shall not apply to the Project or the Lost Lake PDD.

E. The Project is not subject to the requirements of Local Law No. 3 Section 180-22 regarding clear cutting and the Project shall instead remain subject to the Project's previously approved Master Plan, site plan, subdivision plan, and the 2011 Lost Lake Zoning Resolution with respect to tree removal.

F. Local Law No. 3 Section 180-36(G), stating certain requirements that infrastructure be completed within twelve (12) months, shall not apply to the Project or the Lost Lake PDD.

G. The enforcement provisions set forth in Local Law 3 Section 180-51 (A)(7) shall not apply to the Project or the Lost Lake PDD. The Parties acknowledge the existing authority under New York law that the Town of Forestburgh Planning Board possesses to revoke site plans in accordance with New York law.

H. The administrative penalty provision of Local Law 3 Section 180-52(C) shall be modified with respect to all applications to the Project or the Lost Lake PDD such that the third sentence shall read: "After receipt of any such certification of violation regarding a single identified tax lot, no local agency, including the Building Inspector, shall accept, determine to be

complete or otherwise process any application for approval made for such identified single tax lot."

10.     Plaintiffs agree that this Agreed-to Order constitutes the complete resolution of all claims alleged in its Complaint/Amended Complaint in case number 7:24-cv-00337-VB. As this case only involves facial challenges to Local Law 3 of 2023, Plaintiffs do not waive their rights to bring as-applied challenges in the future alleging that Local Law 3 of 2023 has been applied against them in a manner that they allege violates federal and/or state law.

### IV.    Enforcement

11.     The Court shall retain jurisdiction over all aspects of this matter and any disputes between the Parties regarding any issues arising under this Agreed-to Order.

12.     Plaintiffs and Defendants shall not be required to seek leave of Court to make any mutually agreeable modifications to these provisions, provided that such modifications are confirmed in writing signed by the Parties' respective duly authorized representatives.

13.     In the event that Plaintiffs and Defendants fail to resolve any dispute arising out of this Agreed-to Order after attempting to do so without judicial intervention, either party may make a motion to the Court to request a hearing at which the Parties shall be permitted to present testimonial and documentary evidence concerning the unresolved matter.

### V.    Integration

14.     This Agreed-to Order contains the entire agreement with respect to the Settlement between the Parties. No agreements or negotiations, oral or otherwise, between the Parties shall be of any force or effect.

15. The Settlement between the Parties reflected in their signing of this Agreed-to Order shall be void and have no effect if the District Court does not sign and enter the Agreed-to Order.

## VI. Litigation Costs

16. Each Party shall bear its own costs and attorney's fees for this litigation.

## VII. Invalidity and Future Actions

17. In the event that any term, provision, paragraph, article, or section of this Agreed-to Order is declared fully or partially illegal, void, invalid, or unenforceable, either Party may elect to terminate the Agreed-to Order. Upon such determination that any term or other provision is illegal, void, invalid, or incapable of being enforced, the Parties hereto shall negotiate in good faith to modify this Agreed-to Order so as to effect the original intent of the Parties as closely as possible in an acceptable manner to the end that the provisions herein and the transactions contemplated hereby are fulfilled to the greatest extent possible.

**AGREED TO THIS 1st DAY OF AUGUST, 2024:**

**STORZER & ASSOCIATES, P.C.**

By: _/s/ Eric W. Treene_
Eric W. Treene
Roman P. Storzer
1025 Connecticut Avenue, Suite 1000
Washington, D.C. 20036
Telephone: (202) 857-9766
treene@storzerlaw.com
*Attorneys for Plaintiffs,* Lost Lake Holdings LLC, Mishconos Mazah LLC, Rabbi Mordechai Halberstam, and Rose Halberstam

SILVERMAN & ASSOCIATES

By: /s/ Gerald S. Smith
GERALD S. SMITH
445 Hamilton Avenue, Suite 1102
White Plains, NY 10601
(914) 574-4510
gsmith@silvermanandassociatesny.com
Counsel for Defendants The Town of Forestburgh and
The Forestburgh Town Board

¶ Because this Agreed-to Order resolves all pending claims in this case, the Clerk is instructed to close this case.

It is so Ordered:

_____
Vincent L. Briccetti, U.S. District Judge
Southern District of New York

ENTERED THIS 5th DAY OF August, 2024

# EXHIBIT A



Revised
# Site Master Plan
Lost Lake Resort
Town of Forestburgh, Sullivan County, New York

Base Map: Brinkash & Associates, Inc., Nov. 2010
Graphic Prepared by: Tim Miller Associates, Inc.

Revised: February 17, 2011

Tim Miller Associates, Inc., 10 North Street, Cold Spring, New York 10516  (845) 265-4400  Fax (845) 265-4418